[Cite as *State v. Avery*, 2026-Ohio-2848.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | C.A. No. 2025-CA-50 |
| Appellee | : | |
| | : | Trial Court Case No. 24-CR-729(A) |
| v. | : | |
| | : | (Criminal Appeal from Common Pleas |
| EDWIN ARTHUR AVERY | : | Court) |
| | : | |
| Appellant | : | **FINAL JUDGMENT ENTRY &** |
| | : | **OPINION** |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on July 24, 2026, the judgment of the trial court is affirmed.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately send a copy of the court's ruling to each party and note that action on the docket. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.

For the court,

_____
ROBERT G. HANSEMAN, JUDGE

LEWIS, P.J., and HUFFMAN, J., concur.

THOMAS W. KIDD, JR., Attorney for Appellant
JOHN M. LINTZ, Attorney for Appellee

HANSEMAN, J.

**{¶ 1}** Defendant-appellant Edwin Arthur Avery appeals from his convictions in the Clark County Common Pleas Court, following a jury trial, of having a weapon while under disability, carrying a concealed weapon, and improper handling of a firearm in a motor vehicle. Avery argues that his convictions should be reversed, because the trial court abused its discretion in admitting multiple prior convictions to prove his firearm disability when he was willing to stipulate to the prior convictions as an element of his charges of having a weapon while under disability. Avery also argues that defense counsel was ineffective for failing to stipulate to his prior convictions. For the reasons which follow, the judgment is affirmed.

## I. Facts and Course of Proceedings

**{¶ 2}** On October 1, 2024, Avery was indicted for one count of attempted murder, one count of felonious assault, two counts of having weapons while under disability, one count of carrying a concealed weapon, and one count of improper handling of a firearm in a motor vehicle. Only the weapons' related convictions are of relevance to this appeal. Prior to trial, the State dismissed the attempted murder charge, and after trial, the jury returned a verdict of not guilty on the felonious assault charge. The jury found Avery guilty on the two counts of having a weapon while under disability, the count of carrying a concealed weapon, and the count of improper handling of a firearm in a motor vehicle.

**{¶ 3}** The charges stemmed from events that unfolded on August 3, 2024. Witness testimony at trial showed that, during the evening of August 3, 2024, Avery was driving a gray Chrysler with two passengers, his girlfriend and a man. Avery drove past his acquaintance M.W., who was standing outside of a residence located on South York Street in Springfield, Ohio. Avery stopped the vehicle, and he and his passengers exited the car. Avery's male companion was openly holding a firearm. One witness described Avery as placing a firearm in his pocket when he exited the vehicle.

**{¶ 4}** According to M.W., Avery approached him and asked him about "some dope that came up missing." M.W. said that he did not know anything, and Avery punched him, knocking him down. M.W. stood back up and was shot in his chest and arm. M.W. testified that Avery was not the person who shot him and that he had not seen Avery with a gun.

**{¶ 5}** After Avery punched M.W., Avery was also shot, and the bullet hit his head near the right temple, causing him to fall to the ground. When M.W. and Avery were struck by gunfire, numerous other shots were fired by multiple people who were at the location. Upon officers' arrival on scene, Avery was on the ground, conscious and bleeding. Officer Emily Turner provided medical aid to Avery. While she was assisting Avery, a pink nine-millimeter handgun was observed in Avery's pocket and collected as evidence. The handgun was registered to Avery's girlfriend and later determined to be loaded.

**{¶ 6}** Prior to trial, Avery had not stipulated to his prior convictions. The State called City of Springfield Police Department Detective Kevin Miller to testify regarding Avery's prior convictions. Avery has two prior convictions for trafficking in crack from 1999 and 2001. These convictions formed the basis of the firearm disability in count three of the indictment, which alleged Avery's charge of having weapons while under disability under

R.C. 2923.13(A)(3). Avery did not object during Det. Miller's testimony regarding the two prior drug trafficking convictions.

{¶ 7} Det. Miller also testified to the basis of the firearm disability in count four of the indictment, which alleged Avery's charge of having weapons while under disability under R.C. 2923.13(A)(2). Avery has a prior conviction for robbery and a conviction for felonious assault, both from 2005. Avery did not object when Det. Miller testified about the felonious assault conviction; however, Avery did object before Det. Miller testified about the robbery conviction. Citing Evid. R. 403(A) and (B), Avery argued that the testimony was cumulative and unnecessary. A sidebar conference was held, and the trial court overruled Avery's objection.

{¶ 8} During the sidebar conference, Avery offered to stipulate to the prior conviction. But because Avery had not stipulated to the priors before the jury heard testimony regarding them, the trial court did not allow the stipulation. Instead, the court allowed the robbery conviction to be testified about generally in the State's case. Avery's counsel asked for a limiting jury instruction. The trial court granted the request and provided the instruction to the jury immediately after Det. Miller's testimony regarding Avery's prior convictions. The court instructed the jury that the evidence of Avery's prior convictions was received because a prior conviction is an element of the offenses charged. The court further instructed that the evidence was not received, nor may be it considered, to prove the defendant's character in order to show that he acted in conformity with that character. The trial court also gave the limiting instruction in its jury instructions.

{¶ 9} At the end of the State's case, the four judgment entries of convictions were redacted and marked as State's Exhibits 72-A, 73-A, 74-A, and 75-A and the jury was not

4

provided the entirety of the judgment entries 72 through 75, which included Avery's sentence for each conviction. Avery did not object to the redacted exhibits.

{¶ 10} The jury returned a verdict of not guilty on the felonious assault count and guilty verdicts on the two counts of having a weapon while under disability, the count of carrying a concealed weapon, and the count of improper handling of a firearm in a motor vehicle.

{¶ 11} At Avery's sentencing hearing, the trial court merged the two counts of having a weapon while under disability, with the State electing to proceed on count three for purposes of sentencing. On that count, the court imposed a 36-month prison term to run consecutive to Avery's sentences for carrying a concealed weapon and improper handling of a firearm in a motor vehicle. In total, Avery was ordered to serve a total of 54 months in prison.

{¶ 12} This appeal followed. Avery raises two assignments of error relating to evidence of his prior convictions being admitted during his trial. He claims (1) the trial court abused its discretion by admitting multiple prior convictions to prove the disability element of the two counts of having weapons under disability despite his willingness to stipulate to the prior convictions, and (2) if the trial court did not abuse its discretion, then trial counsel rendered ineffective assistance when he failed to stipulate to the prior convictions.

## II. Trial Court's Admission of Prior Convictions

{¶ 13} In his first assignment of error, Avery claims that the trial court abused its discretion by admitting multiple judgment entries of his prior convictions to prove the disability element of the two counts of R.C. 2923.13 despite the availability of a stipulation. In support of his argument, Avery relies on *Old Chief v. United States*, 519 U.S. 172 (1997), and *State v. Creech*, 2016-Ohio-8440, which hold that a trial court abuses its discretion by

5

refusing to allow a defendant to stipulate to the fact of a prior conviction when that prior conviction constitutes an element of a weapons under disability offense. Avery argues that the evidence of his prior convictions was unfairly prejudicial under Evid.R. 403(A).

{¶ 14} Evid.R. 403(A) provides that "[a]lthough relevant, evidence is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury." In *Creech*, the Supreme Court of Ohio adopted the reasoning of the United States Supreme Court in *Old Chief v. United States*, 519 U.S. 172 (1997) and determined that a trial court abuses its discretion under Evid.R. 403(A) when it does not allow a defendant to stipulate to his prior convictions for the purposes of establishing the status element of the offense of having weapons while under disability, and it instead permits the state to introduce the full record of the defendant's prior offenses. *Creech* at ¶ 1.

{¶ 15} In *Creech*, before Creech's trial commenced, he offered to stipulate to one of the three prior convictions that created a disability for him to acquire, have, carry, or use any firearm or dangerous ordinance under R.C. 2923.13 (having a weapon while under disability). Creech was on trial for three separate counts of having a weapon while under a disability and his three disabilities were (1) being under a pending indictment for aggravated drug trafficking in the vicinity of a school, (2) a prior conviction for felonious assault with a dangerous weapon, and (3) a prior felony conviction for possession of crack cocaine. When the prosecution refused to agree to Creech's offer to stipulate, the trial court allowed the government to use the three judgment entries of Creech's prior convictions.

{¶ 16} The judgment entries included factual details of Creech's prior convictions, including the use of a firearm in relation to his felonious assault conviction. At least one of the judgment entries contained Creech's sentence. The prosecution specifically addressed

Creech's three prior convictions in detail in its opening statement, during the trial testimony, and in its closing argument. The judgment entries of Creech's prior convictions were not redacted. In *Creech*, the Court explained the level of detail provided to the jury as

> that he had been convicted of possessing crack cocaine and had been charged with two counts of trafficking in cocaine (including one count of trafficking near a school)—also was potentially prejudicial, in that it put before the jury the name and nature of the drug offenses rather than the generalized description of the disability as set forth in the statute. Especially damaging is the indictment submitted to the jury, which alleges that Creech trafficked cocaine and that he had engaged in that felonious activity in the recent past— on one occasion near a school.

*Creech*, 2016-Ohio-8440, at ¶ 37.

{¶ 17} On the specific facts of that case, the Supreme Court of Ohio held that "[p]ursuant to Evid.R. 403, in a case alleging a violation of R.C. 2923.13, when the name or nature of a prior conviction or indictment raises the risk of a jury verdict influenced by improper considerations, a trial court abuses its discretion when it refuses a defendant's offer to stipulate to the fact of the prior conviction or indictment and instead admits into evidence the full record of the prior judgment or indictment when the sole purpose of the evidence is to prove the element of the defendant's prior conviction or indictment." *Id*. at ¶ 40.

{¶ 18} While *Creech* is instructive on the record before us in Avery's case, it is distinguishable for several reasons and therefore not controlling. Unlike in *Creech*, where an offer to stipulate was made before the jury trial commenced, Avery did not offer a stipulation

7

before trial. The trial court did not refuse to allow Avery to stipulate to his priors, because Avery never made the request.

{¶ 19} By the time Avery contested the proof of his prior convictions, objected, and offered to stipulate, the State had already presented evidence that Avery had been convicted of trafficking in crack on two separate occasions and had been convicted of felonious assault. When Avery offered to stipulate, it was too late for the trial court to allow the stipulation because the jury had already heard evidence of three of his four prior convictions.

{¶ 20} In addition, and unlike in *Creech*, although the State offered testimony that identified Avery's prior convictions by name, the State did not discuss details of the prior offenses in its opening or closing statements. The State also did not elicit details of Avery's priors through Det. Miller's testimony. The State limited the information reflected in the judgment entries by redacting the factual details of Avery's offenses and his sentences so that the jury did not receive detailed information regarding the prior convictions. The trial court approved the redaction of the judgment entries. The factual details of Avery's offenses were not disclosed to the jury like they were in *Creech*.

{¶ 21} Because the evidence presented to the jury was limited to proof of the convictions themselves, they were not offered as other crimes or acts evidence prohibited under Evid.R. 404(B). Under these circumstances, the jury was unlikely to ascribe unfair prejudice. In our opinion, there is little conceivable difference in terms of the potential impact on the jury between the information that would have been contained in a stipulation of the prior convictions (had there been one) versus the evidence presented. Therefore, Evid.R. 403 and 404(B) did not require exclusion of the evidence of Avery's prior convictions, and the trial court did not abuse its discretion in admitting the evidence. We also note that the existence of a prior conviction, when it is an element of an offense, which the State is

8

required to prove in its case, does not constitute unduly prejudicial "other acts" evidence under Evid.R. 403 or 404(B). *State v. Wood*, 2018-Ohio-875, ¶ 38 (2d Dist.), citing *State v. Leigh*, 2017-Ohio-7105, ¶ 14 (6th Dist.); *State v. Rodriguez*, 2014-Ohio-911, ¶ 4 (9th Dist.); State v. Herron, 2013-Ohio-3139, ¶ 21 (8th Dist.), citing *State v. Henderson*, 58 Ohio St.2d 171, 173 (1979).

{¶ 22} Because *Creech* is distinguishable and is not controlling, we do not need to analyze whether Avery's other convictions were harmless error, as suggested by Avery, or invited error, as suggested by the State. However, even if we could find error in the admission of Avery's prior offenses (which we do not), we cannot conclude on the record before us that Avery was unfairly prejudiced. The jury concluded that Avery was not guilty of felonious assault, knowing that Avery had prior convictions of felonious assault, robbery, and drug trafficking.

{¶ 23} Additionally, the four weapons offenses were all established by the same simple facts at trial. Three law enforcement officers testified to observing the pink nine-millimeter firearm in Avery's pocket while assisting him with his head wound. The Springfield Crime Lab determined the firearm was loaded. An officer testified that the firearm was registered to Avery's girlfriend, who was with Avery on August 3, 2024. One witness testified she saw Avery place a firearm in his pocket upon exiting the vehicle and before punching M.W. Due to the evidence demonstrating that Avery knowingly possessed a firearm, was carrying a firearm in his pocket, and drove a vehicle with a loaded firearm, all on the evening of August 3, 2024, we cannot conclude that the jury determined Avery's guilt for having a weapon while under disability, carrying a concealed weapon, or improper handling of a firearm in a motor vehicle due to the knowledge that Avery had been convicted of drug trafficking, robbery, and felonious assault. Therefore, even if the trial court had erred in the

9

admission of Avery's prior convictions (which we do not hold), the outcome of Avery's trial would have been the same. Therefore, Avery was not unfairly prejudiced by the admission of his prior convictions, and his first assignment of error is overruled.

### III. Ineffective Assistance of Counsel

{¶ 24} In his second assignment of error, Avery claims that his trial counsel was ineffective for failing to stipulate to the prior convictions constituting the disability element of his charges for having weapons under while disability.

{¶ 25} It is unquestionable that the Sixth and Fourteenth Amendments to the United States Constitution guarantee all criminal defendants not only the right to counsel, but to the effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 685-686 (1984), citing *McMann v. Richardson*, 397 U.S. 759 (1970), and *Gideon v. Wainwright*, 372 U.S. 335 (1963).

{¶ 26} To prove an ineffective assistance of trial counsel claim on appeal, a defendant must show that counsel's performance fell below an objective standard of reasonable representation and that prejudice resulted from counsel's deficient performance. *State v. Bradley*, 42 Ohio St.3d 136 (1989), paragraph two of the syllabus; *Strickland* at 687; *Thornell v. Jones*, 602 U.S. 154 (2024). Judicial scrutiny of counsel's performance is highly deferential. *Strickland* at 689. In all cases, counsel is presumed to have rendered effective assistance, and courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*.

{¶ 27} To show prejudice, a defendant must prove that there exists a reasonable probability that were it not for counsel's errors, the result would have been different. *Bradley* at paragraph three of the syllabus; *Strickland* at 687. "'A reasonable probability is a probability sufficient to undermine confidence in the outcome. That requires a substantial,

10

not just conceivable, likelihood of a different result.'" *Thornell* at 163, quoting *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011). The failure to make a showing of either deficient performance or prejudice defeats a claim of ineffective assistance of counsel. *Strickland* at 687.

{¶ 28} While it is a regular practice of defense attorneys to stipulate to prior convictions when they are an element of the offense that must be proven by the prosecution, courts have held that a failure to stipulate is a matter of trial strategy that does not constitute deficient performance. *State v. Wears*, 2023-Ohio-4363 (3d Dist.); *State v. Woods*, 2018-Ohio-875 (2d Dist.) (counsel was not ineffective by failing to stipulate to prior convictions). Although the record does not seem to support a conclusion that Avery's counsel failed to stipulate as a matter of trial strategy, we do not need to determine whether counsel's failure constitutes deficient performance.

{¶ 29} Even if deficient performance could be found, Avery's claim of ineffective assistance of counsel fails because the record does not demonstrate prejudice. The jury would have still learned that Avery had at least one prior conviction for a felony offense of violence and at least one prior conviction for trafficking in illegal drugs because the priors were essential elements of the State's case. In *State v. Spaulding*, 2016-Ohio-8126, the Supreme Court of Ohio addressed a defendant's claim of ineffective assistance of counsel based on the failure to stipulate to prior convictions. The Court concluded that prejudice was not established because the jury still would have learned that the defendant had at least a prior felony drug conviction and prior domestic-violence convictions. *Id*. at ¶ 153.

{¶ 30} There was also ample independent evidence presented by the State at trial showing that Avery knowingly possessed a firearm, drove a motor vehicle, and carried a loaded firearm in his pocket on the evening of August 3, 2024, supporting his guilt of having

weapons while under disability, carrying a concealed weapon and improper handling of a firearm in a motor vehicle. We cannot conclude that the results of the trial would have been different but for counsel's failure to stipulate to Avery's prior convictions. Having failed to prove the prejudice prong of the ineffective assistance of counsel claim, Avery's second assignment of error is overruled.

**IV. Conclusion**

**{¶ 31}** Having overruled both assignments of error, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

LEWIS, P.J., and HUFFMAN, J., concur.